# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHISN DIVISION
# PIKEVILLE

**UNITED STATES OF AMERICA**

**vs.**                                                           **Criminal No. 7:25-cr-012-DLB**

**GEORGE ANTHONY WALKER**

## SENTENCING MEMORANDUM

Defendant, GEORGE ANTHONY WALKER, submits this Sentencing Memorandum evaluating each one of the various factors under 18 U.S.C. § 3553(a) for the Court's consideration at the Sentencing hearing scheduled for September 8, 2025, at 10.00 a.m., in Ashland, Kentucky.

The court in determining the particular sentence to be imposed and the need for a variance, shall consider the factors found at 18 U.S.C. § 3553(a). These factors include; the nature and circumstance of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care, or other correctional treatment in the most effective manner.

The defendant humbly and respectfully petitions this Honorable Court to impose a sentence of incarceration that reflects the minimum term deemed appropriate, proportionate, and just in light of the nature and circumstances of the offense committed. The defendant acknowledges the gravity of his actions and seeks a sentence that aligns

with the principles of fairness and equity, taking into account the specifics of his case and any mitigating factors that may warrant the Court's consideration. By granting a term of imprisonment that is commensurate with the crime, the Court would uphold the balance between accountability and the opportunity for rehabilitation, ensuring a resolution that serves the interests of justice.

## **BACKGROUND – NATURE & CIRCUMSTANCES OF THE OFFENSE**

On or about March 27, 2025, the Grand Jury for the United States District Court for the Eastern Kentucky returned a single count indictment against GEORGE ANTHONY WALKER, charging the Defendant Walker with knowingly and intentionally possessing with intent to Distribute 50 grams or more of a detectable amount of methamphetamine. The Defendant subsequently pled guilty to count one of the indictment that he was charged with.

The essential facts of the case are as follows. A confidential informant informed the Kentucky State Police that they could obtain large amounts of controlled substances from the defendant on or about February 27, 2025. A transaction was arranged for $1500, and the defendant traveled from Richmond to Pikeville on March 8, 2025 with 111.91 grams of Methamphetamines and he was arrested during the course of a traffic stop. Furthermore, the defendant admitted to possessing the controlled substance to distribute it to an individual.

The defendant has taken full responsibility for his actions and is seeking a just and proper punishment that reflects the seriousness of his offense yet showing that he deserves a little bit of mercy with this Court. The defendant is facing a guideline

sentencing range of two hundred and sixty months to three hundred and twenty seven months. The defendant has been continuously held in custody since the date of his arrest.

It should be noted that the defendant was initially arrested on 03/08/2025 in Pike county, Kentucky. He was bonded out on 03/22/2025. On 04/09/2025 the defendant appeared **VOLUNTARILY** in the United States District Court for the Eastern District of Kentucky for his initial appearance and was taken into custody.

### HISTORY AND CHARACTERISTICS OF THE DEFENDANT

George Anthony Walker was born to the marital relationship of George and Malee Walker on July 17, 1969 in Richmond, Kentucky. Mr. Walker has primarily resided with his mother and he has a very close relationship with his mother. He has several siblings that he is also close with as listed in his PSI. He has four children that he is close with also. It should be noted that the defendants brother, Carlos Walker is the one with whom the undersigned counsel has had the most contact with, followed by his sister and then his mother. All three of these individuals have remaining in contact with the undersigned counsel on numerous occasions.

### THE DEFENDANT MADE A HUGE MISTAKE IN HIS LIFE

Mr. Walker made a serious mistake. He became addicted to drugs and sold them to support his habit. His addiction became his main priority, overshadowing everything else in his life. One of Mr. Walkers biggest weakness in life has been his desire to please anyone and everyone and his inability to say NO to people. Mr. Walker has struggled with this his whole life and once again it has led him to be incarcerated for a long time or even

the rest of his life. But he has made amends in the past year. More than anything else, Mr. Walker hurt himself and his family. He lost his freedom and the most important things to his. His children.

Mr. Walker would be the classic person that needs to be punished, deterred, and rehabilitated, not convicted, warehoused, and forgotten.  The need for the sentence to promote respect for the law and to provide just punishment can be attained by the Court granting a downward variance and sentencing Mr. Walker, to a term below the guidelines and the minimum sentence required by the statutes.

### **THE DEFENDANT'S CRIMINAL HISTORY IS REPLETE WITH DRUGS**

The Pre-Sentence Report places Mr. Walker at a Criminal History category of VI. He has numerous criminal history points. The defendants past criminal interactions are all drug related. Going back to some of the factors outlined by Former Attorney General Holder in his statements, Mr. Walker has no ties to any gangs.  Mr. Walker is an addict first and foremost, who sold drugs to feed his drug habit. This is rather clear from the PSR.

Individuals like Mr. Walker, who have faced profound personal challenges and adversity, are no less deserving of compassion and support when they stumble under the weight of their circumstances.  Rathis than subjecting Mr. Walker to prolonged incarceration in a manner that amounts to mere warehousing, the justice system has a meaningful opportunity to prioritize rehabilitation and restorative measures tailored to his unique needs.  Mr. Walker's struggles—marked by the devastating loss of his father at a very young age, demonstrate that he is not beyond redemption but rather a candidate for

targeted rehabilitative efforts within a correctional setting. Such interventions could address his mental health needs, foster healing, and equip him with the tools to rebuild his life.

Mr. Walker, a 56-year-old man, faces a potential sentence that, if set at the statutory minimum, would not result in his release from prison until the age of 66. An assessment of his likelihood of recidivism reveals a low risk, supported by a combination of empirical data, criminological research, and the rehabilitative opportunities available during incarceration. Several interconnected factors contribute to this evaluation, including his age, the impact of long-term incarceration, and the potential for personal growth through prison programs.

Age is one of the most significant predictors of criminal behavior, with extensive research demonstrating that recidivism rates decline markedly as individuals grow older. According to studies from the U.S. Sentencing Commission, older offenders—particularly those over the age of 60—exhibit significantly lower rates of reoffending compared to their younger counterparts. This trend is attributed to a variety of factors, including reduced impulsivity, greater emotional maturity, and a natural decline in physical capacity to engage in certain types of criminal activity. For Mr. Walker, who is already 56, this age-related decline in recidivism risk is particularly relevant. By the time of his release at age 66 or higher, his likelihood of reoffending is expected to be even lower, as the data suggests that recidivism rates continue to decrease with advancing age.

Mr. Walker's low risk of recidivism is supported by a combination of his advanced age, the rehabilitative opportunities available during his incarceration, and the social and psychological factors that influence post-release behavior. The U.S. Sentencing

Commission's findings on the inverse relationship between age and recidivism provide a robust empirical basis for this assessment, while the availability of educational, vocational, and this therapeutic programs during his sentence further his enhances his prospects for successful reentry. By the time of his release at age 76 per the guidelines, Mr. Walker is likely to have developed the skills, mindset, and social connections necessary to lead a law-abiding life, making his a low-risk candidate for recidivism.

During the last five fiscal years (FY2020-2024), there were 177 defendants whose primary guideline was §2D1.1 and Methamphetamine was the primary drug type, with a Final Offense Level of 34 and a Criminal History Category of VI, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 177 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 190 month(s) and the median length of imprisonment imposed was 180 month(s).

Mr. Walker's statutory minimum is ten (10) years, Mr. Walker's guideline sentence is two hundred and sixty months to three hundred and twenty seven months. The statutory minimum will satisfy the factors found at 18 U.S.C. § 3553(a).

If the United States Department of Justice intends to make changes to fix our burgeoning prison problem, we need a place to start and someone to start this with, and Mr. Walker, is probably the best candidate to do so.

The Defendant would respectfully ask the court that the make a recommendation to the Bureau of Prisons that he be housed as close to Richmond, Kentucky as possible.

The defendant would also request the court to recommend that he complete the five hundred hour RDAP program.

## **OBJECTIONS**

The Pre-Sentence Report places Mr. Walker at a Criminal History category of VI. Although we do not believe how the defendant can qualify to be a career offender when his offenses are outside the scope of the career offender guidelines under USSG § 4B1.1.

¶ 19.  We do not believe that Mr. Walker qualifies as a career offender

¶ 21.  Thus, the Total Offense Level must be 21

¶ 28.  0 points should be assigned to this offense, due to the fact that it has been older than 15 years. Furthermore, this offense and the offense in ¶ 29 were adjudicated together, thus even if counted, only one of these offenses should be counted.

¶ 29.  0 points should be assigned to this offense, due to the fact that it has been older than 15 years. Furthermore, this offense and the offense in ¶ 29 were adjudicated together, thus even if counted, only one of these offenses should be counted.

¶ 33.  Thus, the criminal score should be 6.

¶ 35.  A criminal history score of 6 yields a Criminal History Category of III.

WHISEFORE, we would respectfully submit that the court grant the Defendant a sentence of minimum term of incarceration, followed by a term of eight years supervised release, which is no more than necessary to promote respect for the law, yet at the same time be a deterrent for future criminal behavior.

Respectfully submitted this 29th day of August, 2025.

> GEORGE ANTHONY WALKER.
> By Counsel
>
> Very truly yours,
>
> JOY LAW OFFICE
> 2701 Louisa Street
> P.O. Box 411
> Catlettsburg, KY 41129
> Telephone: (606) 739-4569
> Facsimile: (606) 739-0338
> Cell: (859) 488-1214
>
> __s/ Sebastian M. Joy_____
> Sebastian M. Joy, Esq.
> Counsel for Defendant GEORGE ANTHONY WALKER.
> Kentucky Bar # 92583
> West Virginia Bar # 10945
> E-mail: sjoy@joylawoffice.com
> Admitted in Kentucky & West Virginia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# SOUTHISN DIVISION
# PIKEVILLE

**UNITED STATES OF AMERICA**

**vs.**                                             **Criminal No. 7:25-cr-012-DLB**

**GEORGE ANTHONY WALKER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **SENTENCING MEMORANDUM** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**   Office of United States Attorney
                  London, KY

**DATE:**         August 29, 2025

>                          Very truly yours,
>
>                          JOY LAW OFFICE
>                          2701 Louisa Street
>                          P.O. Box 411
>                          Catlettsburg, KY 41129
>                          Telephone: (606) 739-4569
>                          Facsimile: (606) 739-0338
>
>
>                          __s/ Sebastian M. Joy_____
>                          Hon. Sebastian M. Joy
>                          Counsel for Defendant
>                          Kentucky Bar # 92583
>                          West Virginia Bar # 10945
>                          E-mail: sjoy@joylawoffice.com
>                          Admitted in Kentucky & West Virginia